IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTHONY J. WEST                                                                     PLAINTIFF

V.                                           NO. 15-3040

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Anthony J. West, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.  Procedural Background:**

Plaintiff filed his current application for SSI on June 28, 2012, alleging an inability to work since June 26, 2010, due to weakened heart muscle, heart disease, diabetes, back injury, high blood pressure, arthritis in hips, bone spurs, obesity, and Bell 's palsy. (Doc. 11, pp.228, 232).  The relevant time period in this SSI claim begins on the date the application was filed – June 28, 2012. An administrative hearing was held on September 10, 2013, at which time Plaintiff appeared with counsel and testified. (Doc. 11, pp. 28-66).

By written decision dated December 16, 2013, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe – disorder of the lumbar spine;

1

osteoarthritis of the bilateral hips; coronary artery disease; status post coronary artery bypass grafting and stenting; diabetes mellitus; and obesity. (Doc. 11, p. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can never climb ladder's[sic] ropes or scaffolds, but occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.

(Doc. 11, p. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as assembler, machine tender, and clerical jobs. (Doc. 11, p. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on May 10, 2015. (Doc. 11, pp. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's

decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s)

3

prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to find Plaintiff's congestive heart failure was a severe impairment; and 2) Whether the ALJ erred in his RFC determination. (Doc. 9).

**A.  Severe Impairment:**

Plaintiff argues that the ALJ erred in failing to find Plaintiff's congestive heart failure was a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen**,** 870 F.2d 1392, 1395 (8th Cri. 1989). "While '[s]everity is not an onerous requirement for the claimant to meet …it is also not a toothless standard.'"  Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015)(quoting Kirby v. Astrue, 500 F.l3d 705, 708 (8th Cir. 2007).

4

In this case, although the ALJ did not find Plaintiff's congestive heart failure was a severe impairment, he nevertheless considered symptoms and conditions severe that accompany congestive heart failure, such as obesity, coronary artery disease, and status post coronary artery bypass grafting and stenting, and accommodated these impairments in the RFC by restricting Plaintiff to a limited range of sedentary work. In addition, where the ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify a particular impairment as "severe" at step two is harmless. Swartz v. Barnhart, 188 Fed. Appx. 361, 388 (6th Cir. 2006); Elmore v. Astrue, 2012 WL 1085487 at *12 (E.D. Mo. Mar. 5, 2012).

Accordingly, the Court finds there is substantial evidence to support the ALJ's severe impairment determination.

### B. Credibility:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

5

After considering the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

Plaintiff argues that the ALJ erred in disregarding the opinions of Dr. Shannon Brownfield, and was therefore left without the input of any treating or examining physician. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be

6

supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014).  "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id.  "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

In Dr. Brownfield's opinion dated August 23, 2012, Dr. Brownfield reported that all of Plaintiff's limb functions were normal except he could not squat/arise from a squatting position. (Doc. 11, p. 328). Dr. Brownfield also reported that x-rays of Plaintiff's lumbar spine revealed degenerative disc disease – moderate; Osteoarthritis with moderate to large spurring; x-rays of Plaintiff's left hip revealed moderate osteoarthritis; and x-rays of Plaintiff's right hip revealed mild to moderate osteoarthritis. (Doc. 11, p. 329). Dr. Brownfield then concluded that Plaintiff had moderate to severe limitations in his ability to lift, stoop, and bend. (Doc. 11, p. 329).

In this case, the ALJ gave the opinions of Dr. Brownfield little weight because they were not consistent with the objective medical evidence. (Doc. 11, p. 17). He specifically pointed out that upon examining x-rays of Plaintiff's lumbar spine and hips, Dr. Brownfield noted only mild to moderate osteoarthritis, albeit with moderate to large spurring. (Doc. 11, p. 17). Nevertheless, Dr. Brownfield concluded that Plaintiff had "severe" limitations lifting, stooping, and bending.

7

On August 28, 2012, a Physical RFC Assessment was completed by non-examining consultant, Dr. David L. Hicks, who found Plaintiff could perform sedentary work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Doc. 11, p. 145). He attributed these limitations to Plaintiff's moderate osteoarthritis of his left hip, mild to moderate osteoarthritis of his right hip, morbid obesity, coronary artery disease, diabetes mellitus, and hypertension, and considered Plaintiff's credibility and the opinion evidence. (Doc. 11, p. 147). On November 14, 2012, another Physical RFC Assessment was completed by non-examining consultant, Dr. Bill Payne, who found Plaintiff could perform sedentary work with the same postural limitations. (Doc. 11, p. 157). Dr. Payne had before him Dr. Brownfield's report when he gave his opinion.

The ALJ gave the state agency physicians' opinions medium weight because he believed the record supported a finding that Plaintiff could not climb ladders, ropes or scaffolds, relying on the August 23, 2012 consultative physical exam, showing Plaintiff exhibited decreased range of motion of his hips with flexion of the lumbar spine. (Doc. 11, p 20).

The Court finds that the ALJ sufficiently explained why he gave little weight to Dr. Brownfield's restrictions, and considering the record as a whole, finds there is substantial evidence to support the ALJ's RFC assessment. See Casey v. Astrue, 503 F.3d 687, 697 (8th Cir. 2007)(non-examining state agency opinion, other medical evidence, and claimant's statements constitute substantial evidence to support RFC).

### D. Hypothetical Question:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth

the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform the jobs of assembler, machine tender, and clerical jobs. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of August, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE